IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT L. MARSHALL                                                                                    PLAINTIFF

v.                        Civil No. 4:09-cv-04065

SHERIFF DAN MARTIN, Nevada
County; JAILER RAY MARTIN,
Nevada County Jail; and WAYNE
KESSERBURG, Jail Administrator,
Nevada County Jail                                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Robert L. Marshall (hereinafter Marshall), filed this action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

When he filed the complaint, Marshall was incarcerated in the Nevada County Jail in Prescott, Arkansas. On July 13, 2009, he provided the Court with a notice of change of address to an address in Little Rock, Arkansas (Doc. 4). He then notified the Court he had been moved to the Caddo Correctional Center in Shreveport, Louisiana (Doc. 7). Although the case was filed on June 22nd (Doc. 1), it was not until September 17, 2009, that Marshall finally provided the Court with a completed *in forma pauperis* application (Doc. 9).

On October 6, 2009, mail sent to Marshall by the Court to the Caddo Correctional Center was returned by the United States Postal Service marked: "Undeliverable as Addressed" and "Undeliverable as Addressed--Gone." On November 24, 2009, mail sent to Marshall by the Court

to the Caddo Correctional Center was returned by the United States Postal Service marked: "Undeliverable as Addressed--Gone."

The Court has not had a valid address on Marshall since October. I therefore recommend that this case be dismissed based on Marshall's failure to prosecute and his failure to keep the Court and opposing counsel informed of his current address. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of December 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE